UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BRANDY BUNN,**

    **Plaintiff,**

v.

                                      Case No. 3:15-cv-0012-MCR-EMT

**BANFIELD LAWNCARE
& LANDSCAPING CO
doing business as
BANFIELDS LAWNCARE
& LANDSCAPING, et al.**

    **Defendants.**

_____/

## ORDER

Plaintiff Brandy Bunn filed a Complaint against Defendants Banfield Lawncare & Landscaping, Kelly Banfield, and Tina Banfield under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Currently pending is the parties' Joint Motion for Approval of Settlement Agreement, ECF No. 58. The Court has fully considered the motion and reviewed the proposed settlement agreement.

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated

judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors consider whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors look at whether the compromise otherwise frustrates the implementation of the FLSA, requiring the Court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. In deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed are also factors to be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

Bunn alleged in the Complaint that she worked at Defendants' lawn and landscaping business as a production assistant, coordinating sod and landscape installations and maintaining contact with customers concerning installation services and product care.  She alleged that Defendants failed to pay her minimum wages for every hour worked and failed to pay overtime for each hour she worked over 40 hours per week, as required by the FLSA.  Bunn also alleged a claim of retaliatory discharge and breach of contract.  She seeks damages, liquidated damages, and attorney's fees.  Defendants denied the claims and set forth 19 affirmative defenses.  In their joint motion for Court approval of their settlement, the parties represent that they have compromised and reached a reasonable and fair resolution of all claims in order to avoid the risks of litigation.  They have agreed to settle the FLSA claims for $307.50 in unpaid wages, an equal amount of liquidated damages, and attorney's fees and costs in the amount of $13,625.  They separately agreed to settle the remaining claims of retaliation and breach of contract for the sum of $1,785, subject to a contingency fee for Bunn's counsel, for which Court approval is not necessary.  The parties request that the Court retain jurisdiction to enforce the agreement.

Having fully reviewed the settlement, the Court finds it is due to be approved.  The settlement was reached through an adversarial process with both parties represented by experienced counsel. The record shows that a bona fide

dispute existed and that the parties have fully resolved this dispute in the settlement agreement. The settlement represents that the FLSA recovery fully compensates all of Bunn's claimed unpaid wages. The attorney's fees related to the unpaid wage claims were negotiated separately and did not impact the amount due on Bunn's FLSA claims. Also, the additional claims were separately resolved and compromised. Lastly, the settlement agreement includes a release of related wage claims that exist as of the effective date of the agreement and does not release any FLSA claims that may arise in the future based on events occurring after the date of the agreement. The Court finds that there is sufficient information from which to determine that the parties' FLSA settlement is fair and reasonable. *See Lynn's Food Stores*, 679 F.2d at 1352.

Accordingly:

1. Joint Motion for Approval of Settlement Agreement, ECF No. 58, is **GRANTED**.

2. The case is **DISMISSED with prejudice** pursuant to the parties' settlement, with the Court retaining jurisdiction for a period of six months to enforce the agreement or adjudicate disputes arising from the agreement.

3. The Clerk is directed to administratively close the file, and to close the case for all purposes after the expiration of six months with no activity.

4. There shall be no award of costs or attorney's fees, as those matters are dealt with in the settlement agreement.

**DONE and ORDERED** on this 30th day of January, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**